**FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                            :     Chapter 13

In re:                                       :
                                                            :     Case No. 05-55061 (cgm)

        JOHN PARKER and LUISA PARKER,  :

                      Debtors.     :

------------------------------------------------------------------X

### MEMORANDUM DECISION ON REQUEST FOR
### ENTRY OF ORDER PURSUANT TO 11 U.S.C. §§ 362(c)(4)(A)(ii) AND 362(j)
### CONFIRMING THAT NO AUTOMATIC STAY IS IN EFFECT

**A P P E A R A N C E S :**

Amy E. Przewozny, Esq.
Steven J. Baum, P.C.
220 Northpointe Parkway
Amherst, NY 14228
*Attorneys for Citifinancial Mortgage Company Inc.*

**CECELIA G. MORRIS**
**UNITED STATES BANKRUPTCY JUDGE**

       The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") added several provisions to the Bankruptcy Code wherein the automatic stay, which normally arises whenever a bankruptcy case is commenced, is either limited in duration or not triggered. Because this case is the third filed by debtor John Parker in the past year, pursuant to 11 U.S.C. § 362(c)(4) no stay went into effect, as to him, by the filing of this case. However, for the reasons set forth below, Section 362(c)(4) does not apply to joint debtor Luisa Parker, and the stay remains in effect as to her.

### Jurisdiction

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a) and the Standing Order of Reference signed by Acting Chief Judge Robert J. Ward dated July 10, 1984. This application is analogous to a motion to terminate, annul or modify the automatic stay, and the determination is a "core proceeding" under 28 U.S.C. § 157(b)(2)(G).

### Background

Debtors John Parker and Luisa Parker filed this joint Chapter 13 case on December 5, 2005. Thus the BAPCPA, which became effective as to cases filed after October 17, 2005, applies to this case.

This is John Parker's fourth bankruptcy filing, all voluntary petitions filed under Chapter 13 of the Bankruptcy Code. His first case, 04-30113, was filed on May 6, 2004 and dismissed by order dated October 26, 2004. The second case, 04-37905, was filed on December 16, 2004 and dismissed by order dated June 17, 2005. The third case, 05-37145, was filed on August 1, 2005 and dismissed by order dated October 18, 2005. For the purposes of applying Bankruptcy Code Section 362(c)(4), it is significant that John Parker has been a debtor in two cases that have been dismissed within the year prior to this bankruptcy filing.

This is Luisa Parker's third voluntary Chapter 13 bankruptcy filing. She filed her first case, 02-30276, on December 13, 2002, which was dismissed by order dated May 28, 2003. Her second case, 03-36696, was filed on July 18, 2003 and dismissed by order

dated March 17, 2004.  Thus, Luisa Parker was not a debtor in any bankruptcy case that was either pending or dismissed in the year prior to this filing.

By application dated December 7, 2005, creditor Citifinancial Mortgage Company, Inc. seeks an order confirming that the automatic stay does not apply in this case.

## Discussion

Bankruptcy Code Section 362(a) provides that the filing of a bankruptcy petition "operates as a stay, applicable to all entities, of" various acts, including: "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate," and "any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose [pre-petition]." 11 U.S.C. § 362(a)(3), (5).

Section 362(c) sets forth the duration of the automatic stay.  Generally the automatic stay continues to stay "an act against property of the estate" until such property is no longer property of the estate. 11 U.S.C. § 362(c)(1).  All other acts are stayed until the time the case is closed or dismissed, whichever is earlier. 11 U.S.C. § 362(c)(2).

Section 362(c)(3) and (4) respectively prescribe the conditions under which the automatic stay will be of limited duration or will not go into effect.  Section 362(c)(3) and (4) each focus on the same time period (the year immediately prior to the currently pending bankruptcy case) and on the same events (any single or joint case filed by or against an individual debtor that was pending in the preceding one-year period and was dismissed (other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b))).  Section 362(c)(3) applies where one case was pending in the

- 3 -

preceding year and provides that the automatic stay in the subsequent case will terminate "with respect to the debtor" on the 30th day after the filing "with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease". 11 U.S.C. § 362(c)(3)(A). Section 362(c)(4) applies where two or more cases were pending in the year prior to the filing of the instant case and provides that "the stay under [Section 362(a)] shall not go into effect upon the filing of the later case." 11 U.S.C. § 362(c)(4)(A)(i).

Section 362(c)(4)(A)(ii) states that "on request of a party in interest, the court shall promptly enter an order confirming that no stay is in effect." A parallel provision that applies to both Section 362(c)(1), (2), (3) and (4) is found in Section 362(j): "On request of a party in interest, the court shall issue an order under subsection (c) confirming that the automatic stay has been terminated." In this case, the "request" referenced in Section 362(c)(4)(A)(ii) and 362(j) was properly made by the submission of an *ex parte* application setting forth the relevant facts that would justify entry of an order confirming that no stay is in effect.

As set forth above, because John Parker was a debtor in two other cases pending in the year prior to the filing of the instant case, Section 362(c)(4) applies so that as to John Parker the automatic stay did not go into effect upon the filing of this case. However, neither Section 362(c)(3) nor (c)(4) applies to Luisa Parker. She was not a debtor in a case pending in the year prior to the filing of the instant case. Thus, the stay as to Luisa Parker is still in effect.

The fact that Section 362(c)(4) applies to John Parker does not mean that the stay did not go into effect as to joint debtor Luisa Parker. Although Section 362(c)(4) broadly

states that where the section applies based on the conduct of one debtor, "the stay under subsection (a) shall not go into effect," that language cannot be read to apply to a joint debtor if Section 362(c)(4) would not independently apply to the joint debtor. For example, where Section 362(c)(3) applies, the statute expressly terminates the stay only "with respect to the debtor" in question. (emphasis added). Although this phrase is not repeated in Section 362(c)(4), both subsections focus on, and apply to, the acts of a specific debtor rather than joint debtors in the aggregate. This Court concludes that in a joint bankruptcy case, the application of Section 362(c)(3) and (4) to each debtor must be analyzed separately.

## **Conclusion**

For the foregoing reasons, the Court will enter an order confirming that no stay is in effect as to Debtor John Parker, but that the stay is in effect as to Luisa Parker.

Dated: Poughkeepsie, New York
     January 4, 2006                /s/ Cecelia Morris
                                             CECELIA G. MORRIS
                                             UNITED STATES BANKRUPTCY JUDGE